UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CASIMIR SIWAK, | ) | |
| | ) | |
| Plaintiff, | ) | 19 C 5350 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| XYLEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Casimir Siwak brought this diversity suit against his former employer, Xylem Inc., alleging that it unlawfully terminated him in retaliation for exercising his rights under the Illinois Workers' Compensation Act. Doc. 1. The court granted summary judgment for Xylem, Docs. 63-64 (reported at 2021 WL 2413158 (N.D. Ill. June 14, 2021)), and Xylem has filed a bill of costs seeking $4,672.79 under Civil Rule 54(d)(1) and 28 U.S.C. § 1920, Doc. 66. Siwak opposes certain costs as excessive. Doc. 70. The court awards Xylem $3,610.64 in costs.

Rule 54(d)(1) provides, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A court awarding costs must ask first "whether the cost imposed on the losing party is recoverable" under § 1920 and, "if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). Recoverable costs include (1) "[f]ees of the clerk and marshal"; (2) fees for "transcripts necessarily obtained for use in the case"; (3) "[f]ees and disbursements for printing and witnesses"; (4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; (5) "[d]ocket fees"; and

1

(6) "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services." 28 U.S.C. § 1920. "Although a district court has discretion when awarding costs, the discretion is narrowly confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs." *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997) (citation and internal quotation marks omitted).

First, Siwak objects that Xylem seeks court reporter costs exceeding those permitted by Local Rule 54.1. Doc. 70 at 1. Because Xylem already accounted for the Local Rule's limitations, Doc. 68 at ¶ 3, this objection is overruled.

Second, Siwak objects to certain other court reporter costs associated with his video deposition. Doc. 70 at 1-2. "[C]ourts may tax the costs of videotaping a deposition if videotaping the deposition was reasonable and necessary." *United States ex rel. Marshall v. Woodward Gov. Co.*, 2016 WL 2755324, at *5 (N.D. Ill. May 12, 2016) (internal quotation marks omitted). Here, a remote video deposition was eminently reasonable and necessary given Siwak's (understandable) desire to avoid sitting for an in-person deposition during a global pandemic. Doc. 38-12 at 1. That video deposition was conducted pursuant to a court order requiring that it be conducted from a private room in the court reporter's office, necessitating associated rental costs. Doc. 42 (adopting Xylem's proposed deposition terms); Doc. 38 at 10 (proposing that Siwak "will participate in the remote deposition from a private room in the court reporter's office"). Thus, the costs necessarily related to the video deposition ("Conference Suite & Amenities"; "Equipment Rental"; "Electronic Delivery and Handling"; "Video - Initial Services"; "Video - Additional Hours"; "Video - Media and Cloud Services"; "Video -

2

Electronic Access"; and "Video - Digitizing & Transcript Synchronization") were reasonable and necessary and will be allowed.

Costs for producing a hard copy of exhibits for use during the deposition were also reasonable and necessary. The court's order compelling the video deposition, Doc. 42, adopted the *Broiler Chicken* protocol, which established a default rule that "if the questioning attorney wants to use electronic exhibits at the [remote] deposition[], then that attorney should deliver those exhibits in hard copy (or in whatever form the deponent and her or his attorney wants)." *In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at *11 (N.D. Ill. June 25, 2020). There is no suggestion that Siwak requested the exhibits in a different form, so producing a single hard copy for his use was reasonable. It appears, however, that Xylem is claiming duplicative costs for copies of exhibits provided for the deposition. *Compare* Doc. 68-1 at 2 (claiming $87.15 for "Exhibits" as part of the deposition costs), *and* Doc. 71 at 3 (explaining that this cost was "for paper copies of deposition exhibits to be available to Plaintiff during the deposition"), *with* Doc. 68 at 3 (claiming $62.85 in copy costs for "Copies of Exhibits for use at Plaintiff's Deposition"), *and* Doc. 71at 5 (explaining that Xylem "necessarily incurred copy costs for deposition exhibits made available for Plaintiff's use during the deposition of Plaintiff"). Because Xylem has not offered any justification for allowing both charges, the court will only allow the lower amount. The bill of costs is accordingly reduced by $87.15.

The unexplained $975 for "Concierge Technical Support" costs associated with the deposition will be disallowed as well. Neither the invoice nor Xylem's declaration explain why this substantial expenditure on technical support services for a single deposition was reasonable or necessary. *See Mortera v. Target Corp.*, 2019 WL 1532960, at *2 (N.D. Ill. Apr. 9, 2019) ("[T]he party seeking costs … is responsible for proving that the specific costs that it seeks to

recover were reasonable and necessary.") (internal quotation marks omitted). Accordingly, this claimed cost is inadequately justified and will be disallowed. *See Montanez v. Simon*, 755 F.3d 547, 559 (7th Cir. 2014) ("[I]t was not the judge's responsibility to make up for the lawyers' lack of documentation."); *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000) ("[W]hen a fee petition is vague or inadequately documented, a district court may … strike the problematic entries … ."). The bill of costs is therefore reduced by $975.

Third, Siwak objects to copy costs for discovery documents (excluding the deposition exhibits already discussed) totaling $9.30. Costs for a single set of discovery documents are reasonable and necessary. *See Boogaard v. NHL*, 2017 WL 5517231, at *3 (N.D. Ill. Nov. 17, 2017).

Finally, Siwak objects to copy costs for his medical and Social Security records held by non-parties. Costs for such records are taxable if they are necessary for use in the case. *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). Here, Siwak had maintained that he was completely unable to work, 2021 WL 2413158, at *2, but then reversed course and sought reinstatement at Xylem, Doc. 1 at p. 5, ¶ B. Given that context, medical and Social Security records could have been relevant in assessing his credibility, and therefore pertinent to the claims and defenses at issue. The objection to those copy costs is overruled.

## Conclusion

Siwak's objections to Xylem's bill of costs are sustained in part and overruled in part. Xylem's bill of costs of $4,672.79 is reduced by $1,062.15 ($87.15 for the copies of deposition exhibits and $975 for the concierge technical support), resulting in a cost award of $3,610.64.

November 5, 2021

_____
United States District Judge

4